IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN BELL,
No. 21172-424,

        Petitioner,

                      Case No. 18−cv−1211-DRH

vs.

B. TRUE,

        Respondent.


**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, currently incarcerated at the U.S. Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the loss of good conduct time based on discipline he received at Marion on September 6, 2017. (Doc. 1, pp. 2, 10-12).

This matter is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

After carefully reviewing the Petition, the Court concludes that it must be dismissed, albeit without prejudice and with leave to amend.

Petitioner lost 27 days of good conduct time based on Incident Report 3001102, and he now seeks restoration of that time. Petitioner indicates that he filed administrative appeals, raising challenges pertaining to the denial of due process and to the evidence that was relied on at the hearing. (Doc. 1, pp. 2-3). Petitioner, however, does not identify *any* grounds for relief in the instant action. Instead, Petitioner wrote "N/A" when asked to identify the grounds for challenging the constitutionality of his confinement. This is insufficient.

The Court cannot simply assume that the instant Petition is premised on the same challenges raised in Petitioner's administrative appeals. Absent additional information describing Petitioner's grounds for relief, the Petition does not survive preliminary review, and the Court cannot justify directing Respondent to answer. *See* Rule 2(c)(2) of the Rules Governing § 2254 cases in the United States District Courts.

## Disposition

**IT IS THEREFORE ORDERED** that, for the reasons stated, the § 2241 Petition is **DISMISSED** without prejudice and with leave to amend.

**IT IS FURTHER ORDERED** that, on or before August 7, 2018, Petitioner shall file an amended § 2241 petition that specifies the grounds for the instant Petition.

The Clerk of the Court is **DIRECTED** to send Petitioner a blank § 2241 petition; along with a copy of this Order.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

Judge Herndon
2018.07.10
16:21:09 -05'00'

**United States District Judge**