IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN BELL,                            )
                                       )
                Petitioner,            )
                                       )
vs.                                    )   Civil No.  18-cv-1211-CJP[1]
                                       )
B. TRUE,                               )
                                       )
                Respondent.            )

**MEMORANDUM and ORDER**

**PROUD, Magistrate Judge:**

Brian Bell filed an amended petition for writ of habeas corpus under 28
U.S.C. § 2241 challenging the imposition of sanctions against him, including the
loss of good conduct credit, pursuant to prison disciplinary proceedings. (Doc.
7).   Respondent filed a response at Doc. 15.   Petitioner was granted until
December 17, 2018 in which to file a reply.  He has not done so.

**Relevant Facts and Procedural History**

Bell was convicted of violating 21 U.S.C. § 841(a)(1) (Possession with Intent
to Distribute a Controlled Substance) in the Northern District of Illinois and was
sentenced to 170 months imprisonment. He is currently incarcerated at USP
Marion.  His projected release date via good conduct credit is August 24, 2020.
See, Doc. 15, Ex. 2.[2]

The affidavit of Michael Puckett, a Disciplinary Hearing Officer (DHO) for

[1] The parties consented to final disposition by a magistrate judge pursuant to 28 U.S.C. § 636(c).
See, Doc. 14.
[2] The Court uses the document, exhibit and page numbers assigned by the CM/ECF electronic
filing system.

the BOP, is attached to Doc. 15 as Exhibit 1. Mr. Puckett states that, on June 21, 2017, Bell was given an incident report for fighting with another inmate named Hatfield. The next day, Bell went before the Unit Discipline Committee (UDC). He contended that "we didn't fight, my injury came from playing basketball." The UDC referred the incident report to the DHO. Bell was informed of his DHO hearing date and of his rights.

The incident report states that video footage shows that Hatfield followed petitioner into a cell at approximately 10:50 a.m. Almost 40 minutes later, another inmate approached the cell, and a short time later that inmate escorted Hatfield from the cell. Based on obtained inmate statements and an email, it was determined that Hatfield owed money to Bell, and when Bell confronted Hatfield the two argued and got into a physical fight. Both inmates were seen by medical personnel and were both found to have injuries consistent with having been in a fight. Ex. 3, pp. 8-9.

The DHO hearing was held on July 11, 2017. Petitioner was found guilty and sanctioned with, as is relevant here, the loss of 27 days of good conduct time.

The original DHO report was issued on September 6, 2017. The report lists the evidence considered by the DHO, i.e., the video footage, inmate statements from the case, an email, the medical assessments of Bell and Hatfield, and photographs of the inmates' injuries. The DHO considered Bell's statement that he had not been fighting and he was injured in the yard but found it to be not credible.

In Section VII of the DHO report ("Reason for each action taken"), the original DHO report referred to improper use or damage to a security device. This was obviously a mistake, as Bell's case did not involve a security device. Mr. Puckett explained in his affidavit that "It appears I was working from an old report and neglected to delete information that did not relate to Bell." Ex. 1, p.3.

Bell filed an administrative remedy request (grievance) raising the issue of the incorrect reason given in Section VII. The DHO report was then amended. The mistaken language about a security device was removed, and Mr. Puckett explained the reason for the sanctions imposed in the amended report:

> The action on the part of any inmate to become involved in a fight with any other inmate or person poses a threat to the health, safety and welfare of not only himself, but other inmates and staff, thereby threatening the security and orderly running of the institution. In the past, fights between two individuals have expanded to include others which created a larger problem for staff to resolve. The sanctions imposed by the DHO were taken to express the seriousness of the infraction. Although not directly related to the infraction, privileges were taken to deter the inmate from this behavior in the future.

Ex. 3, p. 3.

A copy of the amended report was given to petitioner on April 26, 2018. Ex. 3, p. 4.

### Grounds for Habeas Relief

The amended habeas petition asserts the following grounds for relief:

> DHO failed to provide a written statement of reasons for the disciplinary action taken. DHO cited reasons related to tampering with locks or security devices. My case did not involve locks or security devices. An "Amended Report" was not provided until the day my appeal was denied. Counselor said he received phone call that day telling him to provide a copy of report.

Doc. 7, p. 6 (emphasis in original).

## Applicable Legal Standards

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241. *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 94 S.Ct. 2963, 2975 (1974). The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. *Wolff*, 94 S.Ct. at 2978-2980; *Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).

The findings of the disciplinary hearing officer must be supported by "some evidence in the record." *Superintendent v. Hill*, 105 S.Ct. 2768, 2773 (1985). This Court can overturn the decision "only if no reasonable adjudicator could have found [petitioner] guilty of the offense on the basis of the evidence presented." *Id*.

Under the "some evidence" standard, this Court does not reweigh the

evidence or determine credibility. *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). The Court does not "assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Further, the evidence need not be sufficient to logically exclude any result except the one reached by the prison decision maker. *Viens v. Daniels*, 871 F. 2d 1328, 1334-1335 (7th Cir. 1989).

## Analysis

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings.

Notably, petitioner does not challenge the sufficiency of the evidence. The findings in prison disciplinary proceedings need only be supported by "some evidence." *Superintendent v. Hill, supra.* "The 'some evidence' standard is less exacting than the preponderance of the evidence standard, requiring only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). It is clear that the findings were supported by sufficient evidence here. It is equally clear that the language about a security device in the original DHO report was included by mistake, a mistake that was corrected by amending the report.

Due process requires a written statement of the evidence relied upon and the reason for the action taken because:

> Written records of proceedings will ... protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding. Further, as to the disciplinary action itself, the provision for a written record helps to insure that administrators, faced with possible

scrutiny by state officials and the public, and perhaps even the courts, where fundamental constitutional rights may have been abridged, will act fairly. Without written records, the inmate will be at a severe disadvantage in propounding his own cause to or defending himself from others.

*Wolff,* 94 S. Ct. at 2979.

A statement "that will satisfy the constitutional minimum will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir. 1987).

No one, including petitioner, could have been misled by the language in Section VII of the original report. It was obviously a mistake. The original report described in detail the evidence considered by the DHO. That evidence amply supports the conclusion that petitioner was guilty of fighting with Hatfield. There is no danger here that petitioner was punished arbitrarily or without "some evidence." Therefore, the purpose of the written explanation was fulfilled, and the obvious mistake did not rise to the level of a due process violation. See, *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir. 1987)("As there is no mystery about its reasoning process, despite the extreme brevity of its statement of reasons, that statement is not so deficient as to create error of constitutional magnitude.")

Furthermore, the mistake was corrected in the amended DHO report. Petitioner does not quarrel with the sufficiency of the amended report. He offers no reason to think that he was in any way prejudiced by the issuance of the amended report. Again, he does not contest the sufficiency of the evidence relied upon to find him guilty of fighting.

## Conclusion

Petitioner has not demonstrated that he was denied due process in connection with the disciplinary proceedings. Therefore, his Amended Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 7)** is **DENIED.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  December 27, 2018.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

**<u>Notice</u>**

If petitioner wishes to appeal the denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Federal Rule of Civil Procedure 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).